Argued March 8, affirmed March 22, petition for
rehearing denied April 11, 1967

## GOOD SAMARITAN HOSPITAL AND MEDICAL CENTER, *Plaintiff-Respondent, v.* UNITED STATES NATIONAL BANK ET AL, *Defendants-Respondents,* KLOSTERMAN ET AL, *Defendants-Appellants.*

425 P. 2d 541

*Richard K. Klosterman,* Portland, argued the cause for appellants. On the briefs were Klosterman & Joachims, Portland.

*Robert G. Simpson,* Portland, argued the cause for respondent Good Samaritan Hospital & Medical Center. With him on the brief were William B. Adams, and McColloch, Dezendorf & Spears and James C. Dezendorf and George L. Wagner, for respondent The Mann Home.

Before McAllister, Presiding Justice, and O'Connell, Goodwin and Fort, Justices.

O'CONNELL, J.

This is a suit brought by one of the residuary legatees of the will of Gretchen K. Tyler seeking a declaration of its rights under the will. The heirs of Gretchen Tyler claimed by intestacy on the ground that the bequest to plaintiff violated the rule against perpetuities.

After making several specific bequests, the testa-

trix, in paragraph Eighteenth, bequeathed $25,000 to Lewis & Clark College, "said sum to be held in trust" for certain designated purposes.

Paragraph Nineteenth is the residuary clause and reads, as follows:

"*NINETEENTH:* All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and nature, wheresoever situate, I give, devise and bequeath in equal shares to the following devisees, namely: FIRST PRESBYTERIAN CHURCH of Portland, Oregon; PORTLAND ART MUSEUM of Portland, Oregon; DOERNBECHER MEMORIAL HOSPITAL FOR CHILDREN, of Portland, Oregon; GOOD SAMARITAN HOSPITAL, of Portland, Oregon. That I make this further proviso and request in respect to said gifts, that is to say: That Doernbecher Memorial Hospital for Children, use said funds or some portion thereof, for the purchase of an iron lung or other equipment for the treatment of poliomyelitis, and that the balance of said bequest be used by said hospital for the purchase of such hospital equipment or improvements on the building as the Trustees may deem fit and proper. That the bequest to the Good Samaritan Hospital shall be upon the condition that said hospital use said funds, or some portion thereof, for the endowment of a private room and bed for the use of members of the Old Peoples Home situate at N.E. 33rd and Sandy Blvd., Portland, Oregon, heretofore known as the Mann Home; it being my intention that when needed for the use of members of said home that the occupancy thereof be without cost or charge to the Home. Provided always, however, that in the event it is not in use by members of said Home that said devisee, Good Samaritan Hospital, may use said room and bed for such other charitable purposes as to it may seem fit and proper. That any residue remaining after the endowment of said room and bed, may be used by

said hospital for such other purposes as to its Trustees may deem fit and proper."

Defendant heirs contend that the residuary bequest to the Good Samaritan Hospital purports to create a trust with the Old Peoples Home and its members the beneficiaries of the trust. Defendants further contend that the charitable trust was not created and that a private trust for the Home would violate the rule against perpetuities. While admitting that there is a benefit to charitable patients when the hospital room is not in use by members of the Old Peoples Home, defendants argue that this object does not vitiate the private nature of the trust as a whole, nor can it be segregated so as to stand by itself. They conclude, therefore, that the bequest to Good Samaritan Hospital passes by intestacy.

■ It will be noted that the bequest to the Good Samaritan Hospital is first made without any limitation or condition. The testatrix then adds, "That I make this further proviso and request in respect to said gifts * * *." Then follows a recitation of the specific objectives intended to be carried out. If the introductory clause had contained a statement of "request" only, then of course the direction would have been precatory and the bequest made without qualification in the preceding paragraph would be absolute. But the testatrix states that she makes "this further proviso and request." Since there is no previous "proviso" in the sense of a condition or limitation, it is apparent that the expression "further proviso" was used simply to mean a further *provision*. The introductory clause would then be read, "That I make this further provision and request in respect to said gifts" which we would regard as precatory in the absence of some other contrary expression of intent in the will.

■■ Paragraph Nineteenth does contain a further statement which, if it stood alone, would clearly be more than precatory. That statement is as follows:

"* * * That the bequest to the Good Samaritan Hospital *shall be upon the condition* that said hospital use said funds, or some portion thereof, for the endowment of a private room and bed for the use of members of the Old Peoples Home * * *." (Emphasis supplied.)

The question posed in argument is whether the precatory language of "proviso and request" in the introductory paragraph is modified by the statement that the bequest to the Good Samaritan Hospital is "upon condition." We find it unnecessary to decide whether the bequest to the Good Samaritan Hospital was absolute or in trust because, even if we were to assume that the language "upon condition" were sufficient to create a trust, the gift would still not pass by intestacy. It is well recognized that a valid charitable trust may be created where the beneficiary is an association with varying membership whose purposes are charitable.[1] Thus if the Old Peoples Home qualifies as a charitable association, the trust would not be subject to the rule against perpetuities.[2]

4. However, even if the Old Peoples Home does not qualify as a charitable association, the property would

---

[1] See Brown v. Webb, 60 Or 526, 533, 120 P 387, 389 (1912), where the court said: "It has long been a settled principle that unincorporated societies created for religious and benevolent purposes are capable of becoming beneficiaries of a specific trust, when organized so as to entitle them to become incorporated under the laws of the State."

See also Trustees of M. E. Church v. Adams, 4 Or 76 (1870); 1 Restatement (Second), Trusts § 119 (1959).

[2] Agan v. U. S. National Bank, 227 Or 619, 363 P2d 765 (1961); Brown v. Brown, 7 Or 285 (1879); 2 Restatement (Second), Trusts § 365 (1959).

not pass by intestacy because the will clearly indicates testatrix's intent that the bequest is to be used for "other charitable purposes" in the event that it is not used for the Home. Thus by operation of the cy pres doctrine, the bequest would be applied so as to carry out the general charitable intent of testatrix.[9]

The decree of the trial court is affirmed.

---

[9] See Quick v. Hayter (In re Stouffer's Trust), 188 Or 218, 215 P2d 374 (1950); 3 Scott, Trusts § 399 (1939).

Scott points out that though it is sometimes difficult to determine whether a testator had a "general" charitable intent, "if the testator makes an express provision as to the disposition of the property in case the particular purpose fails, that provision is controlling. Thus if he provides that if the particular purpose should fail the property should be devoted to certain other charitable purposes, no difficulty arises." 3 Scott, Trusts § 399.2 at 2104.